MARTHA J. WALLER *vs.* THE WILMINGTON CITY RAILWAY COM-
PANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Duty of Railway Company—Taking on
or Letting off Passengers—Negligence—Duty of Passenger
—Conflict of Evidence—Damages.*

1.  If a person attempts to board a car at the usual place for the cars to stop to
take on or let off passengers, and the car did stop at that place, and he had taken hold
of the hand rail with one hand and had one foot upon the step of the platform, such
person was a passenger of the company.

2.  A street railway company in letting its passengers on and off its cars is
bound to stop its cars, and wait a reasonable time for the passengers to get on or off,
at its usual stopping places ; and also to use all reasonable care to secure the safety of
the passengers.  But the company is not an insurer of the safety of the passengers ;
and is only responsible for its own negligence in case of injury.

3.  The passenger must act with prudence, and use the means provided for safe
transportation, with reasonable circumspection and care ; and if his negligent act con-
tributes to bring about the injury of which he complains, he cannot recover.  It is also
his duty to see that the car has stopped, and that he may safely get on or off, and to
exercise all reasonable care to avoid danger.  The care should be in proportion to the
risk to be incurred in all cases.

4.  If the injury complained of happened from any other cause, or in any other
way than that laid in the narr and sought to be proved, the plaintiff cannot recover.

5.  The rule applicable to a conflict of evidence stated.

(*June 12, 1905.*)

LORE, C. J., and PENNEWILL, J., sitting.

*Daniel O. Hastings* for plaintiff.

*Walter H. Hayes, George N. Davis* and *Andrew C. Gray* for
defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION ON THE CASE (No. 20, February Term, 1905), to re-
cover damages for personal injuries sustained, as alleged by plain-
tiff, on the 15th day of November, 1904, at Maryland Avenue and

Beech Street in the City of Wilmington, through the negligent starting of a car while plaintiff was in the act of boarding the same, whereby she was thrown to the street and injured. Further facts appear in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—In this suit Martha J. Waller, the plaintiff, seeks to recover from The Wilmington City Railway Company, the defendant, damages for personal injuries which she alleges she received by reason of the negligence of the company at Maryland Avenue and Beech Street, on the 15th day of November, 1904.

She claims that at that time, somewhere about nine o'clock in the night of that day, she was seeking to get on one of the cars of the defendant company, at the point named, and that she had actually placed one foot on the step of the rear platform and had taken hold of the hand rail, when the car which had theretofore stopped, suddenly started up, by reason of which starting she was thrown upon the ground and received the injuries complained of.

If you believe from the testimony in this case that the plaintiff attempted to board the car at the time and place mentioned and that it was the usual place for the cars to stop to take on or let off passengers and that the car did actually stop at that place, and that she had taken hold of the hand rail with one hand and had one foot upon the step of the platform, that would constitute her a passenger of the defendant company.

It is not disputed that at that time the defendant company was a common carrier carrying passengers by cars propelled by electricity in this city. This devolves upon the Court the necessity and propriety of explaining to you what are the respective duties of the company, the common carrier, and passenger, if she was such at that time. This is well expressed in a charge delivered in this Court in the case of *Betts vs. Wilmington City Railway Company,* reported in *3 Pennewill at page 448.*

" A street railway company in letting its passengers on and off its cars, is bound to stop its cars, and wait a reasonable time for the

passengers to get on or off, at its usual stopping places ; and also to use and exercise all reasonable care to secure the safety of the passengers."

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

" While, therefore, the common carrier is held to strict care in the safe transportation of its passengers, yet it must be borne in mind that it by no means is an insurer of their safety ; but is only responsible for its own negligence, in case of injury.

" On the other hand, there is a duty resting upon the passenger to act with prudence, and to use the means provided for his safe transportation, with reasonable circumspection and care, and if his negligent act contributes to bring about the injury of which he complains, he cannot recover.

" It is also the duty of the passenger to see that the car has stopped, and that he may safely get on or off ;  and also to exercise all reasonable care to avoid danger.

" Reasonable care would be such care as a man of ordinary prudence, would take under similar circumstances to avoid accident. The care should be in proportion to the risk to be incurred in all cases."

This action is based upon the negligence of the defendant company ; and to enable the plaintiff to recover at all, she must show to your satisfaction, by a preponderance of the evidence, that the negligence which caused the accident was the particular negligence described in this narr, and that she was seeking to get on the platform with her hand on the rail and her foot on the step, and was thrown off by the sudden starting of the car, and that the negligence which caused the accident as she alleges was the fault of the defendant company ; the burden of proving such negligence is upon the plaintiff, and if the defendant company was guilty of no negligence it is entitled to your verdict, whatever injuries the plaintiff may have received.   If you are satisfied from the evidence that she was in that place and was doing what she alleges in the declaration at the time of the accident and that she was thrown by the sudden starting of the car, then your verdict should be for the plaintiff and

for such sum as will reasonably compensate her for the injuries sustained, including therein her pain and suffering and any disability that might result therefrom. The defendant, on the other hand, claims that the accident happened in no such way, but on the contrary alleges that the plaintiff was seeking to cross the street in front of the defendant company's car and that just as she had gotten beyond the eastern rail she was struck by the corner of the fender of the car and knocked down in the street and injured.

If you believe that this was the cause of the injury, however negligent the company may have been—if there was any negligence at all—this plaintiff cannot recover in this case, because it is not the accident laid in the declaration and would be a fatal variance, not conforming to the allegation in the declaration ; or if you believe the accident happened from any other cause or in any other way than that laid in the narr and sought to be proved, the plaintiff cannot recover, and your verdict should be for the defendant.

Where there is conflict of evidence, as there is in this case, it is your duty to reconcile that evidence if you can ; but if you cannot reconcile that evidence, then it is your duty to render your verdict for that side where the evidence reasonably and clearly preponderates ; taking all the circumstances of the case, the apparent fairness of the witnesses, their oppportunity to see and know of the accident, lack of bias and interest, and also their position at the time of the accident and their recollection of the circumstances and causes of the accident. Any and all other facts that go to test the accuracy of the witnesses are to be considered by you, and you are to give credit to the testimony of that side which in your judgment clearly preponderates. And in order to entitle the plaintiff to a verdict in this case, you should be satisfied from the evidence that there is a clear preponderance, after a careful consideration of all the testimony, in favor of the accident as described and sought to be proved by her.

The facts of this case are before you. There are no disputed questions of law in the case, and it is for you to say which of the alleged causes was the cause of the accident. If it happened as the

plaintiff alleges, and the injuries resulted from the negligence of the defendant only, then you should find a verdict for the plaintiff. If it was not from the cause alleged by the plaintiff, but from some other cause, however negligent the defendant may have been, your verdict should be for the defendant.

Verdict for plaintiff for $1300.